Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

U.S.A. vs. MICHAEL PATTIOAY                    Docket No. CR 03-00465HG-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

   COMES NOW JOANN S. HAMAJI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Michael Pattioay who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 3rd day of May 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That a fine of $1,000.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.


SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. The subject refused to submit to drug testing on 4/24/2007 and 4/26/2007, in violation of Special Condition No. 1.

2. That the subject admitted to using methamphetamine on or about 4/22/2007, in violation of the General Condition.

3. That the subject's urine specimen submitted on 5/7/2007 tested positive for methamphetamine, in violation of the General Condition.

4. That the subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu on 5/11/2007, in violation of Special Condition No. 1.

5. That the subject failed to notify the Probation Office of a change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/17/2007

JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 17th day of May, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

## STATEMENT OF FACTS

On 10/31/2003, the subject pled guilty to Count 1: Felon In Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C felony. On 5/3/2004, Your Honor sentenced the subject to 46 months imprisonment to be followed by 3 years of supervised release with the special conditions noted in the petition. The subject's supervision commenced on 1/11/2007.

On 1/16/2007, the subject was processed for supervised release. At that time, the terms and conditions of supervision were read, reviewed, and explained by this officer. The subject acknowledged that he understood the conditions of supervision.

Despite being on supervision for 4 months, the subject is not amenable to supervision at this time. In this regard, he has refused to submit to drug testing at Hina Mauka Waipahu, admitted to using methamphetamine, tested positive for methamphetamine, failed to attend and participate in substance abuse counseling, has failed to notify the Probation Office of a change in residence, and his whereabouts are unknown. The violations are as follows:

**Violation No. 1 - The subject refused to submit to drug testing on 4/24/2007 and 4/26/2007, in violation of Special Condition No. 1:** This officer was notified by Hina Mauka Waipahu that the subject failed to submit to drug testing on 4/24/2007 and 4/26/2007. The drug testing program requires the subject to call a telephone message recorder daily to obtain instructions for submitting a urine specimen the following day. On 4/27/2007, this officer called the subject and left a message on his cellular telephone and home telephone to contact this officer immediately.

In addition, the subject's employer at Quality Design and Build was contacted by this officer. The employer reported that the subject did not report for work during the week of 4/22/2007.

The subject returned this officer's call later the same day. He reported that he forgot to call the UA recorder. The subject acknowledged that he understood the requirements of the drug testing protocol when he was processed for supervision. Given that the subject was oriented to the program and submitted to drug testing at Hina Mauka Waiphu on various occasions, his failure to submit to drug testing on the above-referenced date constitutes a refusal to comply with drug testing.

**Violation No. 2 - The subject admitted to using methamphetamine on or about 4/22/2007, in violation of the General Condition:** On 4/29/2007, a scheduled home inspection was conducted at the offender's residence in Waianae. This officer questioned the subject about his failure to report for urine drug testing and his failure to report to work during the week of 4/22/2007. The subject admitted to using methamphetamine on or about 4/22/2007. He further reported that he did not report for drug testing on 4/24/2007 and 4/26/2007 because he "knew he was dirty." The subject expressed remorse for his conduct and acknowledged that he made a serious mistake. He requested another chance to demonstrate his compliance with his supervision

Re:   **PATTIOAY, Michael**
      **Criminal No. CR 03-00465HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

conditions. The subject was sternly admonished for his violation. He was instructed to: 1) continue to call the UA recorder daily and to report for urine drug testing; 2) continue with substance abuse treatment and to address the relapse with his substance abuse counselor, Claire Bailey; and 3) report to work on 4/30/2007. The subject was reminded that per Standard Condition No. 5, the subject is required to work regularly at a lawful occupation unless excused by the Probation Officer to attend school, training or other acceptable reasons. He was further instructed to notify this officer immediately if there were changes in employment and/or residence. The subject was informed that he would be sanctioned if he failed to comply with his supervision conditions and could have his supervision revoked if he continued to engage in noncompliant behavior. The subject acknowledged that he understood and would comply.

**Violation No. 3 - The subject's urine specimen submitted on 5/7/2007 tested positive for methamphetamine, in violation of the General Condition:** On 5/8/2007, this officer was notified by Hina Mauka Waipahu that on 5/7/2007, the subject submitted a urine specimen that was presumptive positive for methamphetamine. The urine specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) and confirmed positive for methamphetamine on 5/14/2007.

On that same day, this officer attempted to contact the subject on his cellular telephone and home telephone. As nobody answered the calls, messages were left instructing him to contact this officer immediately. On 5/9/2007, the subject left a message on this officer's voicemail apologizing for not returning her call immediately. He stated that he had found out his daughter was homeless and "living on the streets," and he was attempting to locate her. He further stated that "he cannot handle this" and that "the pressure was too much for him." He asked this officer to return his call. This officer again called the subject and left a message on his cellular telephone and home telephone instructing him to call this officer immediately. Telephone calls were also made, and messages were left on 5/10/2007 and 5/11/2007. The subject did not return this officer's telephone calls.

On 5/11/2007, the subject's employer contacted this officer and informed her that the subject did not report to work during the week of 5/7/2007. He reported that his attempts in contacting the subject had been unsuccessful.

**Violation No. 4 - The subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu on 5/11/2007, in violation of Special Condition No. 1:** On 5/14/2007, this officer was informed by substance abuse counselor Claire Bailey that the subject failed to report for substance abuse counseling on the evening of 5/11/2007. This officer attempted to contact the subject on his

Re:  **PATTIOAY, Michael**
**Criminal No. CR 03-00465HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

cellular telephone and left messages instructing him to contact this officer immediately. The subject did not return this officer's calls.

**Violation No. 5 - The subject failed to notify the Probation Office of a change in residence, in violation of Standard Condition No. 6:** On 4/29/2007, the subject was specifically instructed to immediately notify this officer if he changed residence or employment. On 5/14/2007, this officer spoke with the subject's sister who reported that the subject had not returned home since 5/5/2007. She further reported that she did not have any knowledge regarding his whereabouts.

In considering the identified violations, the Probation Office notes that Violations 1 and 2 involve the subject's acknowledged abuse of methamphetamine on or about 4/22/2007. In response to the subject's admission that he had relapsed, this officer contacted his substance abuse counselor, Claire Bailey. Ms. Bailey advised that the subject would benefit from continued substance abuse treatment. At that time, the subject had successfully completed group drug counseling classes and was scheduled to start individual drug counseling classes at Hina Mauka Waipahu. Given the subject's representation that he was amenable to rehabilitation and his substance abuse counselor's recommendation that he would benefit from individual counseling, the Probation Office instructed him to continue participating in substance abuse treatment.

Despite being afforded an opportunity to continue substance abuse treatment, the subject has relapsed within 4 months of commencing supervision. In this regard, he submitted a urine specimen that tested positive for methamphetamine, failed to submit to drug tests, and admitted that he has abused methamphetamine. Furthermore, he has not responded to instructions by this officer, and his whereabouts are unknown. In considering his noncompliant behavior, it is concluded that he is no longer amenable to rehabilitation or supervision. More importantly, his admission that he has resumed abusing methamphetamine indicates he poses a danger to the community. Based upon these factors, it is respectfully recommended that Your Honor issue a No Bail

Re:   PATTIOAY, Michael
      Criminal No. CR 03-00465HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

warrant for his arrest and require his appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

*(signature)*
JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

*(signature)*
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

JSH/ct

Re: **PATTIOAY, Michael**
    **Criminal No. CR 03-00465HG-01**
    **REVOCATION OF SUPERVISED RELEASE**
    **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

ORIGINAL

# United States District Court
## District of Hawaii

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 20 2004

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

'04 MAY 20 P4:18

U.S. PROBATION OFFICE
HONOLULU, HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **MICHAEL PATTIOAY** | Case Number: **1:03CR00465-001** |
| | USM Number: **90797-022** |
| | Donna Gray, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): 1 of the Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922 (g)(1) and 924 (a)(2) | Felon in possession of a firearm and ammunition | 9/10/2003 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔] Count(s) remaining counts of the Indictment (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 03, 2004
Date of Imposition of Judgment

/s/ signature
Signature of Judicial Officer

HELEN GILLMOR, United States District Judge
Name & Title of Judicial Officer

5-19-04
Date

ATTEST: A True Copy
WALTER A. Y. H. CHINN
Clerk, United States District
Court, District of Hawaii
By _____
Deputy

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:03CR00465-001 | Judgment - Page 2 of 6 |
| DEFENDANT: MICHAEL PATTIOAY | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 46 MONTHS .

[✔]   The court makes the following recommendations to the Bureau of Prisons:
   1. Nellis, AFB
   2. Sheridan, Oregon
   3. Drug Treatment

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
   [ ] at ___ on ___.
   [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _ on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:     1:03CR00465-001                                    Judgment - Page 3 of 6
DEFENDANT:       MICHAEL PATTIOAY

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER:       1:03CR00465-001                                   Judgment - Page 4 of 6
DEFENDANT:         MICHAEL PATTIOAY

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That the fine of $1,000.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them. I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____  1-16-07
Defendant                   Date

_____  1-16-07
United States Probation Officer   Date

CASE NUMBER:      1:03CR00465-001                                                                Judgment - Page 5 of 6
DEFENDANT:        MICHAEL PATTIOAY

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|        | Assessment | Fine       | Restitution |
|--------|-----------|------------|-------------|
| Totals: | $ 100.00  | $ 1,000.00 | $           |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   The interest requirement is waived.

    [ ]   The interest requirement is modified as follows:

# RESTITUTION

[ ]   The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]   The court modifies or waives interest on restitution as follows:

[ ]   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
|               | TOTALS: $ _____        | $ _____                       |                              |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:03CR00465-001 | Judgment - Page 6 of 6 |
| DEFENDANT: MICHAEL PATTIOAY | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [✔] in full immediately; or

B [ ] $ _ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _ ; or

D [ ] in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

That the fine of $1,000.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.