Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 25 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. MICHAEL PATTIOAY                          Docket No. CR 03-00465HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW JOANN S. HAMAJI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Michael Pattioay, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 3rd day of May 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That a fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

   The subject's initial term of supervised release commenced on 1/11/2007.

   On 9/12/2007, the Court revoked the subject's supervised release based upon the following violations: 1) The subject refused to submit to drug testing on 4/24/2007 and 4/26/2007; 2) The subject admitted to using methamphetamine on or about 4/22/2007; 3) The subject's urine specimen



Prob 12C
(Rev. 1/06 D/HI)

2

submitted on 5/7/2007 tested positive for methamphetamine; 4) The subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu on 5/11/2007; and 5) The subject failed to notify the Probation Office of a change in residence. He was sentenced to 6 months of imprisonment, to be followed by 30 months of supervised release with the following special conditions:  1) That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant is prohibited from possessing a firearm as defined in 18 U.S.C. § 921; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; 4) That the defendant provide the Probation Office access to any requested financial information; 5) That the defendant be placed in Mahoney Hale, a residential reentry center, for up to 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training; and 6) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The subject began his second term of supervised release on 3/3/2008.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1. The subject refused to submit to drug testing on 3/10/2008, in violation of Special Condition No. 1.

2. The subject failed to notify the Probation Office of a change in residence or employment, in violation of Standard Condition No. 6.

3. The subject failed to follow the instructions of the Probation Officer, in violation of Standard Condition No. 3.

4. The subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

> I declare under penalty of perjury that the foregoing is true and correct
>
> Executed on   3/21/2008
>
> *[signature]*
> JOANN S. HAMAJI
> U.S. Probation Officer

Approved by:

*[signature]*
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 21st day of March, 2008, and ordered filed and made a part of the records in the above case.

*[signature]*
HELEN GILLMOR
Chief U.S. District Judge

Re:  **PATTIOAY, Michael**
**Criminal No. CR 03-00465HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 10/31/2003, the subject pled guilty to Count 1: Felon In Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C felony. On 5/3/2004, Your Honor sentenced the subject to 46 months imprisonment to be followed by 3 years of supervised release with the special conditions noted in the petition. The subject's original term of supervision commenced on 1/11/2007.

On 9/12/2007, the subject appeared before Your Honor and admitted to the following violations specified in the Request for Course of Action filed on 3/21/2007 and the Amended Request for Course of Action filed on 6/5/2007: Violation No. 1 - The subject refused to submit to drug testing on 4/24/2007 and 4/26/2007, in violation of Special Condition No. 1; Violation No. 2 - The subject's urine specimen submitted on 5/7/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7 and Special Condition No. 1; Violation No. 3 - The subject admitted to using methamphetamine on or about 4/22/2007, in violation of Standard Condition No. 7 and Special Condition No. 1; Violation No. 4 - The subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu on 5/11/2007, in violation of Special Condition No. 1; and Violation No. 5 - The subject failed to notify the Probation Office of a change in residence, in violation of Standard Condition No. 6. The Court sentenced the subject to 6 months of imprisonment to be followed by 30 months of supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The subject's second term of supervised release commenced on 3/3/2008.

On that same day, the subject was processed for supervised release. At that time, the terms and conditions of supervision were read, reviewed, and explained by this officer. The subject acknowledged that he understood the conditions of supervision.

Within approximately four weeks of the commencement of his current term of supervised release, the subject returned to his non-compliant behavior and is no longer amenable to supervision. In this regard, he has refused to submit to drug testing at Hina Mauka Waipahu, has failed to notify the Probation Office of a change in residence or

Re:   **PATTIOAY, Michael**
      **Criminal No. CR 03-00465HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

employment, has failed to follow the instructions of the Probation Officer, and failed to attend and participate in substance abuse counseling. His whereabouts are unknown. The violations are as follows:

**Violation No. 1 - The subject refused to submit to drug testing on 3/10/2008, in violation of Special Condition No. 1:** This officer was notified by Hina Mauka Waipahu that the subject failed to submit to drug testing on 3/10/2008. The drug testing program requires participants to call a telephone message recorder daily to obtain instructions for submitting a urine specimen the following day. On 3/11/2008, this officer called the subject and left a message on his home telephone to contact this officer immediately. Telephone calls were also made, and messages were left on 3/13/2008 and 3/14/2008. The subject did not return this officer's telephone calls.

The subject acknowledged that he understood the requirements of the drug testing protocol when he was processed for supervision. Given that the subject was oriented to the program and previously submitted to drug testing at Hina Mauka Waiphu on various occasions, his failure to submit to drug testing on the above-referenced date constitutes a refusal to comply with drug testing.

**Violation No. 2 - The subject failed to notify the Probation Office of a change in residence or employment, in violation of Standard Condition No. 6:** On 3/16/2008, this officer unsuccessfully attempted to locate the subject at his residence in Waianae. The subject's brother reported that he has not been contacted by the subject nor did he have any knowledge regarding his whereabouts.

On 3/17/2008, this officer spoke with the subject's sister who reported that the subject had not returned home since 3/8/2008. She further reported that she did not have any knowledge regarding his whereabouts.

On that same day, the subject's employer at Quality Design and Build was contacted by this officer. The employer reported that the subject has not reported to work since 3/8/2008. He reported that his attempts in contacting the subject had been unsuccessful.

**Violation No. 3 - The subject failed to follow the instructions of the Probation Officer, in violation of Standard Condition No. 3:** On 3/3/2008, the subject was advised that his placement date at Mahoney Hale, a residential reentry center, had been delayed to 4/1/2008 due to bed space availability. He was specifically instructed to reside at his residence in Waianae and to report to Mahoney Hale on that date. The subject acknowledged that he understood. Given that the subject has not returned home since 3/8/2008 and his whereabouts are unknown, the subject failed to follow the instructions of this officer.

Re:   **PATTIOAY, Michael**
      **Criminal No. CR 03-00465HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

**Violation No. 4 - The subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu, in violation of Special Condition No. 1:** On 3/3/2008, the subject reported to Hina Mauka Waipahu for intake processing. During that time he was instructed to contact substance abuse counselor, Claire Bailey, to make an appointment for individual drug counseling. On 3/19/2008, this officer was informed by Ms. Bailey that the subject failed to contact her to schedule an appointment.

Since the onset of supervised release, the subject has demonstrated that he is unwilling to comply with the conditions of supervision and follow reasonable instructions by the Probation Office. In this regard, the subject has not reported to substance abuse counseling and failed to submit to drug testing. Despite receiving specific instructions from this officer, the subject changed his residence and his whereabouts are unknown. In considering he previously admitted committing violations of supervised release, his recent conduct indicates he is no longer amenable to rehabilitation and will not benefit from continued supervision. In addition, his unwillingness to comply with supervised release together with his extensive criminal history indicates he poses a danger to the community. Based upon these factors, it is respectfully recommended that Your Honor issue a No Bail warrant for his arrest and require his appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

JSH/dck

Re:  PATTIOAY, Michael
     Criminal No. CR 03-00465HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

   None.

ORIGINAL

AO 245D    (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 17 2007
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**MICHAEL PATTIOAY**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number: **1:03CR00465-001**
USM Number: 90797-022

**Donna Gray, AFPD**
Defendant's Attorney

**THE DEFENDANT:**
[✔] admitted guilt to violation of Standard Condition Nos. 6 and 7, and Special Condition No. 1 of the term of supervision.
[ ] was found in violation of condition(s) ____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  **1630**

Defendant's Residence Address:
**Waianae, Hawaii 96792**

Defendant's Mailing Address:
**Waianae, Hawaii 96792**

September 12, 2007
Date of Imposition of Sentence

_/s/_
Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

9.13.07
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:03CR00465-001  Judgment - Page 2 of 5
DEFENDANT: MICHAEL PATTIOAY

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. | The offender refused to submit to drug testing on 4/24/2007 and 4/26/2007. | |
| 2. | That the subject admitted to using methamphetamine on or about 4/22/2007. | |
| 3. | That the subject's urine specimen submitted on 5/7/2007 tested positive for methamphetamine. | |
| 4. | That the subject failed to attend and participate in substance abuse counseling at Hina Mauka Waipahu on 5/11/2007. | |
| 5. | That the subject failed to notify the Probation Office of a change in residence. | |

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 2 - Imprisonment

CASE NUMBER:      1:03CR00465-001                                           Judgment - Page 3 of 5
DEFENDANT:        MICHAEL PATTIOAY

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 6 MONTHS.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

        Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                                    _____
                                                                    UNITED STATES MARSHAL

                                                              By    _____
                                                                    Deputy U.S. Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

CASE NUMBER:    1:03CR00465-001                                    Judgment - Page 4 of 5
DEFENDANT:      MICHAEL PATTIOAY

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 30 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00465-001  
DEFENDANT: MICHAEL PATTIOAY

Judgment - Page 5 of 5

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant is prohibited from possessing a firearm as defined in 18 U.S.C. § 921.

3. That the defendant is prohibited from possessing any illegal or dangerous weapons.

4. That the defendant provide the Probation Office access to any requested financial information.

5. That the defendant be placed in Mahoney Hale, a residential reentry center, for up to 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training.

6. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.